UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

          Plaintiff,

    v.

ALLEN HARROD, MICHAEL LABRECQUE,
and JULIETTE LABRECQUE,

          Defendants.
_____/

NO. CR. S-03-0384 WBS

ORDER DENYING MOTION FOR STAY

----oo0oo----

         Defendant Michael Labrecque moves to stay all proceedings in this case while he prosecutes his appeal from this court's order denying his motion to waive personal presence at trial. The motion is denied for the following reasons.

         First, the request to waive his presence at trial was untimely. Defendant had seven years to make the motion. At the very least, he could have included it among the various motions in limine filed in April of 2006. Instead, he waited until after summonses had been sent out to 150 prospective jurors ordering them to appear for the first day of jury selection in December of 2007. Those prospective jurors have

1 now filled out the questionnaires this defendant asked that they
2 complete and have been ordered to return to this court for
3 further jury selection beginning January 2, 2008.  To stay these
4 proceedings now would render that process for naught and cause
5 an enormous waste of those people's time.
6        Second, the appeal is premature.  Criminal cases are
7 generally are not subject to appellate review "until after
8 conviction and sentence."  28 U.S.C. § 1291.  See Flanagan v.
9 United States, 465 U.S. 259, 263 (1984); United States v. Pace,
10 201 F.3d 1116, 1118 (9th Cir. 2000).  An exception is made under
11 the "collateral order doctrine" if the appealed order would "(1)
12 'conclusively determine the disputed question,' (2) 'resolve an
13 important issue completely separate from the merits of the
14 action,' and (3) 'be effectively unreviewable on appeal from a
15 final judgment.'"  United States v. Lewis, 368 F.3d 1102, 1104
16 (9th cir. 2004), citing Pace at 1119.  The issue which defendant
17 now seeks to raise would be entirely reviewable on direct
18 appeal.  See United States v. MacDonald, 435 U.S. 850 (1978)
19 (pointing out why piecemeal appeals are disfavored).
20        Third, the appeal, like the underlying motion, is
21 substantively without merit.  At the time this court denied
22 defendants' motion to waive their presence at trial, defense
23 counsel herself agreed that the ruling was unlikely to be
24 reversed on appeal.
25     "THE COURT:  All right.  Well, I would like to see what the
26      Ninth Circuit – if the Ninth Circuit wants to reverse me
27      for having the defendants present, they can be my guest.
28      MS. MARKS:  Yeah.  I don't think that's going to happen,

Your Honor."
(Reporter's Transcript of Proceedings on December 10, 2007, page 8.)

The court stated its reasons for denying the motion orally on the record at the December 10, 2007 hearing. The reasons given by defendants for not wanting to be present at trial were (1) it was too much trouble to be brought over from the County Jail each day, and (2) the defendants' scruffy appearance might prejudice them in the eyes of the jury. The answer to the first objection is that it is not that much of an imposition to be brought to court from the County Jail. The jail is right across the street from the courthouse. Every defendant who is in custody is brought over from the jail each day for trial, and nobody else has complained about the trip yet. The answer to the second objection is that nobody is forcing the defendants to look scruffy.

Moreover, as this court observed, when defendants dressed up for court, their appearance was not at all objectionable. Defendant is a man with a beard – nothing more than that. If counsel fear that may prejudice the defendants in the eyes of the jury, they may question the prospective jurors about it during the elaborate voir dire procedure which has been established in order to address the other, more significant, concerns over the prejudice which might result from the nature of the charges.

Balanced against defendants' spurious reasons for not wanting to be present at trial is the court's very real concern that their absence may (1) prejudice them in the eyes of the

1  jury, (2) hamper the efforts of their attorneys to adequately
2  represent them, and (3) compromise the dignity of the court
3  proceedings.  Most jurors are familiar enough with trial
4  procedure to know that the defendants are usually present during
5  a jury trial.  Over the course of a lengthy trial such as this,
6  it is unavoidable that the jurors would speculate about the
7  reasons for the defendants' absence.  Needless to say, if they
8  speculated that the defendants were fugitives, or had absconded,
9  that would work to defendants' prejudice.  If the court gave the
10 jury no explanation for defendants' absence, the jury might also
11 speculate that defendants had no interest in the trial.
12 Alternatively, if the court explained the reasons for
13 defendants' absence, the jury would <u>know</u> they had no interest in
14 the trial.  Either way it would work to defendants' prejudice.
15          Further, as the court has already pointed out, there
16 are many, many times during the course of a trial when counsel
17 needs to confer on the spot with the client in order to provide
18 effective representation.  A question may arise concerning a
19 witness who is well known to the client but not to the attorney.
20 Other questions about the circumstances surrounding the offense,
21 with which the client is much more familiar than the attorney,
22 may come up during the course of a lengthy trial.  It is
23 impossible to predict beforehand when and under what
24 circumstances the lawyer may need to consult the client or the
25 client may need to see and hear the proceedings during the
26 course of a lengthy trial.  The defendants' needless absence
27 during trial would unnecessarily frustrate the legitimate
28 efforts of their attorneys to represent their interests.

             Finally, this court has an independent obligation to assure that trials are conducted in such a manner as to insure not only fairness but the appearance of fairness as well. Unnecessarily conducting a trial with empty chairs for the defendants would lend itself to a circus atmosphere, which is inconsistent with the appearance of justice.

             Defendants were unable to cite any authority to support their bizarre and unprecedented suggestion that they have the absolute right to be tried in absentia.  The denial of their request is but one of the countless decisions this court will be called upon to make because this case must be tried to a jury rather than the court.  Many of those decisions will be difficult.  This one was not.  A lot of people have made substantial investments of their time and efforts so that this case can proceed to trial as scheduled in January.  Defendant's request to continue the trial at this late stage of the proceedings so that he can appeal from that decision trifles with the court, counsel, and all the prospective jurors.  The court will not tolerate it.

             IT IS THEREFORE ORDERED that defendant Michael Labrecque's motion to stay all proceedings while he prosecutes his appeal from this court's order denying his motion to waive personal presence at trial be, and the same hereby is, DENIED.

DATED: December 18, 2007

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE